**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43119/43121**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 714** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: November 16, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **MICHAEL R. MURPHY,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Judgment of conviction and sentences for possession of methamphetamine and destruction, alteration or concealment of evidence, <u>affirmed</u>; order revoking probation, <u>affirmed</u>; orders denying I.C.R. 35 motions for reduction of sentences, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jenevieve C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

In Docket No. 43119, Michael R. Murphy pled guilty to trafficking in the immediate precursors of methamphetamine, Idaho Code § 37-2732B(5). The district court imposed a unified sentence of twenty years, with a minimum term of confinement of ten years. Following a period of retained jurisdiction, the district court suspended Murphy's sentence and placed him on probation for seven years. Murphy subsequently admitted to violating his probation and the district court revoked probation, ordered execution of the underlying sentence, suspended the sentence, and reinstated Murphy on probation for three years.

1

In Docket No. 43121, Murphy pled guilty to two misdemeanor counts of battery on a police officer, I.C. §§ 18-903(b), 18-915(1)(b); possession of methamphetamine (second or subsequent offense), I.C. § 37-2732(c)(1); and destruction, alteration, or concealment of evidence, I.C. § 18-2603. The district court revoked probation and ordered execution of Murphy's underlying sentence in Docket No. 43119; imposed 365 days in jail on each misdemeanor battery charge; imposed a unified sentence of fourteen years, with a minimum term of confinement of six years, for possession of methamphetamine; imposed a determinate term of five years for destruction of evidence; and ordered all sentences to run concurrently with each other and with Murphy's sentence in Docket No. 43119. Murphy filed Idaho Criminal Rule 35 motions for reduction of his sentences in both cases, which the district court denied. Murphy appeals, contending that his sentences in Docket No. 43121 are excessive, that the district court abused its discretion by revoking his probation and executing the underlying sentence in Docket No. 43119, and that the district court abused its discretion in denying his Rule 35 motions.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at

325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Murphy's Rule 35 motions, we conclude no abuse of discretion has been shown.

Therefore, Murphy's judgment of conviction and sentences in Docket No. 43121, the district court's order revoking probation and executing the previously suspended sentence in Docket No. 43119, and the orders denying Murphy's Rule 35 motions are affirmed.

3